CITIZENS' INS. CO. *et al. v.* KOUNTZ LINE *et al.*

(*Circuit Court, E. D. Louisiana.* June 4, 1883.)

1. CARRIERS OF GOODS—CONNECTING LINES—PARTNERSHIP.
   Where the owners of several steam-boats are not in fact partners, and do not own or use any property in common, or share any of the profits, the fact that they allow their boats to be advertised as forming a line under a common name, and have a common agent, who solicits custom and transacts business for all, does not make them jointly liable for the torts and contracts of each other.

2. SAME—BILL OF LADING—NOTICE.
   The fact that a bill of lading for goods shipped on one of the boats was made out in her name only was sufficient notice to the shippers that she and her owners alone were bound by the contract.

   10 Fed. Rep. 768, affirmed.

In Admiralty. Appeal from the decision of the district court.

*John A. Campbell* and *O. B. Sansum,* for libelants.

*Singleton, Browne & Choate,* for respondents.

*J. M. Harding, H. H. Walsh,* and *The United States Attorney,* for interveners.

WOODS, J. The suit was brought *in personam* against the Kountz Line, the H. C. Yeager Transportation Company, the C. V. Kountz Transportation Company, the K. P. Kountz Transportation Company, and the M. Messe Transportation Company. These respondents were all incorporated companies, organized under the laws of the state of Missouri. The findings of fact show that they were distinct and independent corporate bodies, each owning in severalty its own property, carrying on its own business, without any sharing of profits by the other companies; the only connection between them being that there were some persons who held stock in all the companies, and that the Kountz line was the common agent of all the other companies. There was no evidence or finding to show that these several companies had ever agreed to form a partnership with each other, and no facts are shown or found from which a partnership between them could be inferred. It is sought, however, to charge them with a joint liability, because, it is alleged, they held themselves out, or suffered themselves to be held out, to the public as forming a combination in the nature of a partnership, or as being jointly bound for the contracts, misfeasances, and negligence of each other. We think nothing is disclosed by the record which sustains this contention of the libelants. The most that the findings established is that the boats of the several transportation companies had formed a line or combination to run in connection with each other, and under the management of a common agent, and the existence and the superior advantages offered by this line were advertised in various ways. But nothing appears, either in the evidence or the findings of fact, which would justify any shipper or passenger in supposing that these several corporations held or suffered themselves to be held out as jointly bound for the contracts of each other, or that each one would become an insurer for the

performance of the contracts, or for the diligence and good conduct, of the others.

This question is therefore presented: Where the owners of several steam-boats are not in fact partners, and own and use no property in common, and there is no community of profits, but they allow their boats to be advertised as forming a line under a common name, and have a common agent, who advertises and solicits custom and transacts business for all, is every boat and owner jointly liable with the other boats and their owners for their contracts and torts? We are of opinion that this question should be answered in the negative. In support of this view the following authorities are in point: *St. Louis Ins. Co.* v. *St. Louis, etc., R. Co.*, 104 U. S. 146; *Irvin* v. *Railway Co.*, 92 Ill. 103; *Briggs* v. *Vanderbilt*, 19 Barb. 222; *Bonsteel* v. *Vanderbilt*, 21 Barb. 26.

There can be no well-founded contention in this case that the libelants, or those under whom they claim, were deceived, for the bills of lading issued by the Henry C. Yeager were made out in her own name, and amounted to notice to the shippers, and was a contract with them, that the Henry C. Yeager and her owners, the H. C. Yeager Transportation Company, were alone bound.

We are therefore of opinion that there was no joint liability of the respondents, or of any of them, and that the libel should be dismissed.